## A. STEVENSON AND JAMES L. STEVENSON v. GEO. STEINBERG AND L. MAYER.

UNDERTAKING ON APPEAL.—When, on account of the insufficiency of the undertaking on appeal, the appellant files a new undertaking in the Supreme Court, approved by one of the Justices, the respondent cannot require the sureties in the substituted undertaking to justify.

IDEM.—The Justice approving such new undertaking, when called upon to approve the same, will ascertain by examination of the sureties that they possess the necessary qualifications.

APPEAL from the District Court, Fifth Judicial District, Tuolumne County.

Plaintiffs recovered judgment in the Court below, and defendants appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellants.

*H. P. Barber*, for Respondents.

By the Court, CURREY, C. J.:

At the last January term of this Court the respondent made a motion to dismiss the appeal in this case on the ground that the undertaking executed in the first instance was not sufficient under the three hundred and forty-eighth section of the Practice Act. Upon inspection of the transcript of the record it was ascertained that the undertaking did not conform to the requirement of the statute; but the appellant having anticipated the objection specified, caused to be filed on the day preceding that on which the motion was made an undertaking good and sufficient in form, which one of the Justices of this Court approved on the day on which the motion to dismiss was made, and this appearing to the Court the motion was denied, and thereupon the cause was submitted on briefs to be filed. (Laws 1861, p. 589, Sec. 3.)

On the 8th of February last the respondent served upon the appellant's attorney a notice excepting to the sufficiency of the sureties who executed the undertaking filed the day preceding the making of the motion to dismiss. After this, on the 25th of February, the appellant's attorney notified the respondent's attorney that the sureties would justify before the County Judge of Tuolumne County (that being the county in which the action was tried), at Chinese Camp, in said county, on the 27th of the same month, at an hour named. The sureties did not appear and justify at that time or any other, nor has any other undertaking been given.

At the present term of the Court the respondent has moved, upon an affidavit showing the above facts, for a dismissal of the appeal, which the appellant opposes on the ground that the approval of the substituted undertaking by a Justice of this Court placed it beyond the reach of exception. The third section of the Act of 1861, entitled "An Act to regulate appeals in this State" (Laws 1861, p. 589), provides that "no appeal shall be dismissed for insufficiency of the notice of appeal or undertaking thereon; provided, that a good and sufficient undertaking, approved by a Judge of the Supreme

Court, before the hearing upon motion to dismiss the appeal and upon payment of such reasonable costs as the Court may adjudge." We are of the opinion the approval of the undertaking substituted for the one held insufficient amounted in fact not only to a determination that the undertaking was such in form and substance as the statute required, but also of its sufficiency as to the sureties. It may be proper to remark, in this connection, that at the time this undertaking was approved by one of the Justices of the Court, we were of the impression that such approval only extended to the form of the undertaking and its sufficiency in the amount required to render the appeal effectual; but upon a more careful examination of the statute we are satisfied the effect of such approval was also a determination that the sureties were good and sufficient. The Act of 1861 does not provide that the appellant may except to the sufficiency of the sureties to an undertaking substituted as therein specified in the mode mentioned in the three hundred and fifty-fifth section of the Practice Act, nor in any other manner; hence, the exception to the sufficiency of the sureties to such undertaking must be held to have been entirely ineffectual. We may further add that we recognize it to be the duty of a Judge of this Court, when called upon to approve an undertaking proposed to be given in substitution of one executed in the first instance, which, from some cause, is or becomes insufficient, to ascertain, by examination of the sureties, that they possess the qualifications required by the section last referred to, as well as that the undertaking is in the form and amount prescribed by the statute. From what we have said on the subject considered, it results that the motion to dismiss the appeal must be denied, and it is so ordered.