---o---

WILLIAM A. McQUIE, et al., Respondents, vs. GEORGE W. PEAY, et al., Appellants.

1. *Deeds of trust—Failure to name trustee—Effect of deed in equity.*—The failure to insert the name of the trustee in a deed of trust, when in other respects the instrument is complete, although at law it makes the deed inoperative, does not wholly vitiate it. The deed will nevertheless be regarded as an equitable mortgage, and held to create a lien for the benefit of the creditor, which may be enforced in equity. And the assignee of the note will be subrogated to all the rights and equities of his assignor.

2. *Conveyances in blank—Power of married woman to delegate authority to fill up deed.*—A person competent to convey his real estate, may sign and acknowledge the deed in blank, and deliver the same to an agent with authority to fill up the blank and perfect the conveyance. But a married woman can make no such conveyance of her separate estate, having no authority to delegate such powers.

5. *Married woman—Power to mortgage separate estate.*—The wife has, in equity, the same power over her separate estate as a *feme sole*, and may bind it by mortgage or deed of trust.

*Appeal from Pike Circuit Court.*

*Fagg, Dyer & Biggs,* for Appellants, relied on Drury vs. Foster, 2 Wall., 24.

*E. Robinson*, for Respondents.

I. The execution of the deed of trust from Matilda and George W. Peay and Cyrus W. Williams and wife, although the name of the trustee was omitted, created an equitable mortgage, and a court of equity will treat it as such and subject the land to the payment of the notes. (Davis vs. Clay, 2 Mo., 161; McClurg vs. Phillips, 49 Mo., 315; Burnside vs. Wayman, *Id.*, 356; Abbott vs. Godfrey's heirs, 1 Mich., 178; 3 Pow. Mort., p. 1049; 7 Ohio, 68; 10 Ohio, 325; Daggett vs. Rankin, 31 Cal., 321; Racouillot vs. Sausevain, 32 Cal., 376.)

II. The real estate was her separate property, and she could bind it by any instrument showing her intention to charge her separate estate. (Coats vs. Robinson, 10 Mo., 757; Whitesides vs. Cannon, 23 Mo., 457; Claflin vs. VanWagoner, 32 Mo., 252; Schafroth, Adm'r, vs. Ambs, 46 Mo., 114; Kimm vs. Weippert, *Id.*, 532; Lincoln vs. Rowe, 51 Mo., 571.)

WAGNER, Judge, delivered the opinion of the court.

The record discloses the following facts: On the 22d day of November, 1869, George W. Peay and Cyrus W. Williams, two of the defendants in this suit, borrowed of Wm. A. McQuie, one of the plaintiffs, the sum of twelve hundred dollars, and executed their note therefor. On the same day they borrowed a like sum of Mary C. Foley, and executed their note for the same. At that time Matilda Peay, wife of Geo. W. Peay, owned and possessed as her separate property a tract of land adjoining Bowling Green, containing twenty acres. To secure the payment of these notes, Matilda Peay and Geo. W., her husband, undertook to execute a deed of trust on the twenty acre tract of land, and Cyrus W. Williams and wife joined in the same instrument, undertaking to execute a deed of trust on certain lands lying in another county.

The deed of trust was defective in the omission to insert the name of any person as trustee. In all other respects it was in the usual form of a deed of trust, including the names

of the grantors and the beneficiaries, reciting the fact that the land was conveyed in trust to secure the payment of the notes, and providing for a sale in case of default in the payment, etc.

After the execution of the notes and deed, Mary C. Foley assigned and transferred her note to Moses Hendricks, one of the plaintiffs herein. Subsequently Matilda Peay died, leaving as her heirs the defendants in this case, to whom the twenty acre tract of land descended.

Peay and Williams having failed to pay the notes, plaintiffs brought this suit in the nature of a bill in equity to have the land subjected to the payment of the debts. The Court rendered a special decree subjecting the land to the satisfaction of the notes, and awarded a special execution.

We entertain no doubt in regard to the correctness of the decision below. Although the neglect or omission to insert the name of some person as a trustee rendered the instrument as a trust deed ineffective, still it does not follow by any means that it was thereby wholly void. It still remained as a valid security for the satisfaction of the debt, and could be enforced as such. The only difference was that there was no person in existence to carry out the provisions of the trust and it was necessary for the beneficiaries to resort to a proceeding in equity to obtain redress. To enable one to sell under a deed of trust, or to obtain a general judgment of foreclosure, the mortgage or the deed of trust must be regular, but if it be irregular, as by the omission of any requisite to a complete instrument, still it will be regarded as an equitable mortgage and held to create a lien, a trust for the benefit of the creditor, and may be enforced in equity. (Davis vs. Clay, 2 Mo., 161; McClurg vs. Phillips, 49 Mo., 315.)

The doctrine has long been settled, that in addition to the actual, conditional conveyance of land, which constitutes a legal mortgage, courts of equity recognize certain other liens arising from the implied agreement of the parties, or the justice of the case, but not depending upon any express transfer of the title. These are termed equitable mortgages, and in

general an agreement in writing to give a mortgage, a mortgage defectively executed, or an imperfect attempt to create a mortgage or to appropriate specific property to the discharge of a particular debt, will create a mortgage in equity, or a specific lien on the property so mortgaged. (1 Hill Mortg., 4 Ed., 648 ; Racouillot vs. Sausevain, 32 Cal., 375.)

A similar question to the one we are now considering was presented in the case of Burnside vs. Wayman, (49 Mo., 356). There the trust deed was made and no trustee was selected, but a blank was left in which to insert the name of some suitable person, and the grantor gave the *cestui que trust* authority to appoint a trustee and fill up the blank. The *cestui que trust* neglected to make any appointment, and assigned the note and deed to the plaintiff. The plaintiff then brought his suit to have the deed treated as a mortgage, and the property subjected to the payment of the debt. The Circuit Court granted the relief and we affirmed the decision.

In all cases where the wife has a separate estate, she has, in equity, the same power over it, and may bind it by mortgage or deed of trust as if she were a *feme sole.* And this includes the power in the wife of mortgaging her separate property for her husband's debts, with a power of sale in case of default in payment. (Hill Mortg., p. 13.) If she possesses this power and it is not disputed, then when she executes an instrument for the conditional sale of her separate estate, it will be clothed with all the attributes of an instrument executed by any other person competent to contract.

If it is a regular mortgage it may be foreclosed, or the premises may be sold if it contains a power of sale. If it is irregular or defective, it may be decreed to be an equitable mortgage. But it is contended that the case of Drury vs. Foster, (2 Wall., 24) asserts a different doctrine. In that case Mrs. Foster owned a valuable tract of land in her separate right, and her husband wanting to engage in business, requested her to mortgage it for his benefit. The husband went to an officer and directed him to draw a mortgage on the property with himself and wife as mortgagors, but leav-

ing the name of the mortgagee and the sum for which the land was mortgaged in blank. Foster, the husband, acknowledged the deed in this shape, and the officer then took it to Mrs. Foster, that she might sign and acknowledge it in the same shape. Mrs. Foster told the officer "she was fearful that the speculation which her husband was going into would not come out right; that she did not like to mortgage the place, but that her husband wanted to raise a few hundred dollars," and she did not like to refuse him, and so she signed it.

The magistrate then wrote out and certified a regular acknowledgment on the instrument and gave it to the husband. He came across the plaintiff, Drury, who had money to loan, and obtained $12,800 on the mortgage and filled it up with that sum, and inserted Drury's name as mortgagee. There was no evidence that Mrs. Foster ever derived any benefit from the money, or knew that such a large sum was ever advanced.

The Supreme Court held that the instrument, when Mrs. Foster signed and acknowledged it, was not a deed or mortgage, that it was a blank paper; that she was disabled from executing or acknowledging a deed by procuration, as she could not make a power of attorney. After admitting that a person competent to convey his real estate, may sign and acknowledge the deed in blank, and deliver the same to an agent with authority to fill up the blank and perfect the conveyance, the court proceeds to say, "But there are two insuperable objections to this view in the present case: First, Mrs. Foster was disabled in law from delegating a power, either in writing or by parol, to fill up blanks and deliver the mortgage; and second, there could be no acknowledgment of the deed within the requisitions of the statute until the blanks were filled and the instrument complete." As the mortgage was incomplete not only as to the grantee, but as to the amount to be inserted, it was nothing more than a blank paper. If such an instrument would have been good, then the wife might as well have acknowledged a blank

piece of paper, and authorized the writing over it of a mortgage for an indefinite amount. The deed was never before her, and she never acknowledged it, and the officer misconceived his duty.

But the case here is far different. There was no delegation of authority, nor incompleteness as to the amount for which the premises were mortgaged. The deed was full, explicit and definite in all its parts when it was signed and acknowledged, except that the name of the trustee was omitted. This prevented it from being a regular and complete deed of trust, empowering any person to sell in case of default, but it was for a specific sum; the intention to charge the land with the payment of the debt was manifest, and it constituted a good equitable mortgage which might be enforced in equity.

It is insisted that plaintiff, Hendricks, is not entitled to the benefit of any security in the land. But the objection is not sustainable.

The deed created a lien in favor of Mary C. Foley, and whatever rights she possessed Hendricks acquired when he purchased her note. The assignment and transfer of the note carried with it the security as an incident, and the assignee was subrogated to the rights and equities of the person from whom he purchased.

I am of the opinion that the judgment should be affirmed. All the judges concur.