———o———

THOMAS BLACKBURN, Respondent, *vs.* DAVID TWEEDIE, Appellant..

60   505
125   595
59a 623

1. *Equitable mortgage on land—Agreement by owner to give occupancy of land in lieu of interest on sum borrowed.*—A written agreement by the owner to pay the occupant of certain land a given sum, conditioned, that when the land was sold to enable the owner to realize the amount, the occupant should surrender his possession, and meantime giving him the occupancy in lieu of paying him interest on this sum, was held to constitute an equitable mortgage, and amounted to a specific lien on the land; and any one buying with notice of the agreement would take subject to it.

2. *Agreement will constitute equitable mortgage, when.*—An agreement to give a mortgage, a mortgage defectively executed, or an imperfect attempt to create a mortgage or to appropriate specific property to the discharge of a particular debt, will create a mortgage in equity or a specific lien on the property so mortgaged. (See McQuie vs. Peay, 58 Mo., 58-9; Carter v. Colman, *ante* p. 498.)

*Appeal from Carroll Circuit Court.*

*L. II. Waters,* for Appellants.

I. If it may be implied from a written agreement, that the land is to be chargeable with, or security for a debt, it amounts to an equitable mortgage,(2 Sto. Eq. Jur., § 1020, 1 Hil. Mortg. 647, § 1; Chase vs. Peck, 21 N. Y., 583; Neil. Eq. Mortg., 218, n.; Ad. Eq., 313 & n.; Russell vs. Russell, 1 Lead. Cas. Eq., 2 Am. Ed., 499, and authorities cited at the end of note,) and the mortgage may arise without a deed or special contract. (4 Kent. Com., 11 Ed., 164.)

*Ray & Ray, with W. P. Hall,* for Respondent.

I. The instrument does not constitute an equitable mortgage. It neither confers a lien nor creates a title to the land. The possession was not taken and delivered under the contract, but existed before.

II. The trust, if any, is at most, a personal trust reposed in the good faith of John Tweedie, and not a property trust fastened by its terms upon the land itself and following it, into whose hands soever it may pass.

III. But, if it should be held to be an "Equitable Mortgage" then it is not good against the plaintiff unless he had "actual notice" thereof, at the time of his purchase. And in this case he had no notice actual or constructive.

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment in the ordinary form to recover possession of certain lands described in the petition.

In addition to a denial of the averments in the petition, the answer set up an equitable defense and claimed that defendant went into possession of the premises, under a written agreement made with one John Tweedie who was plaintiff's grantor and owned the lands at the time, and that by that agreement, defendant was to retain possession till John Tweedie sold the same and paid him the sum of nine hundred dollars, and that he was to have the use of the lands in lieu of interest on the sum due him; that in pursuance of that agreement he took possession of the land and remained in possession till the commencement of this suit.

The agreement relied on stated that John Tweedie agreed to pay David Tweedie the sum of nine hundred dollars, on the conditions that whenever the land occupied by David Tweedie (which was the land in controversy) was sold by John Tweedie to enable him to realize the above amount of nine hundred dollars, then David Tweedie agreed to give to John Tweedie possession of the land occupied by him. David Tweedie agreed to help put up the fence around the land and this work and occupying the land, were to be an off-set to the interest on the nine hundred dollars.

The cause was tried before the court sitting as a jury, and for the plaintiff the court declared the law to be, that the agreement was not such an instrument as gave, or could confer upon David Tweedie any lien on the land or interest thereon, and that it was no defense to plaintiff's right of recovery.

The defendant requested a declaration that the instrument read in evidence by defendant, amounted to an equitable mortgage, and under it, defendant had a lien on the land in question as against John Tweedie and his grantees with notice, and the same would only be void as to subsequent, *bona fide* purchasers for a valuable consideration. This declaration the court refused to give, and then rendered its verdict for the plaintiff.

There was evidence introduced by the defendant tending to show that plaintiff purchased with a knowledge of the existence of the agreement, and that he knew that defendant was in possession. Plaintiff submitted evidence of a contrary tendency. As the case was treated in the court below as an action at law, and as it must go back, we will not at present look into the question of notice.

An agreement in writing to give a mortgage, a mortgage defectively executed, or an imperfect attempt to create a mortgage or to appropriate specific property to the discharge of a particular debt, will create a mortgage in equity, or a specific lien on the property so mortgaged. (McQuie vs. Peay, 58 Mo., 58.)

The agreement, we think, was sufficient to create a mortgage in equity and amounted to a specific lien on the land. That there was an attempt to appropriate the property to the discharge of the particular debt is manifest. It was even more than an ordinary mortgage in equity under our law, for it gave the equitable mortgagee the possession; and instead of compelling him to account for the rents and profits as is generally the case, it allowed him to retain the possession for the interest due him on his debt, and for certain work, which he performed without regard to the question whether they were equal to the rents and profits or not.

The real intention of the parties as exhibited by the written agreement, seems to have been that the land was to be charged with the payment of the debt, and that the creditor was to keep the possession till the debtor sold the land and made satisfaction.

Any person buying, with notice of these facts, would take subject to them, and he would know that he could not obtain possession till the prior lien was discharged. It would therefore be his duty before he could obtain a clear title, and the right to the possession to see that the debt was satisfied.

The court erred in its decision and its judgment should be reversed and the cause remanded; the other judges concur.