Wooldridge v. Scott.

WOOLDRIDGE, *Appellant,* v. SCOTT, *Administrator.*

1. **Vendor's Lien:** SUBROGATION: DEBTOR AND CREDITOR. One who lends money to another to enable him to pay off a note given for the purchase money of land, is not entitled to be subrogated to the lien of the vendor. He stands in the same position as any other creditor.

2. ———: ———: STATUTE OF FRAUDS: FRAUD: EQUITY. The fact that at the time the loan was made the borrower promised that he would give a lien on the land, will not change the foregoing rule, if the promise was merely verbal and was not made with any purpose of obtaining an advantage and then breaking faith with the lender.

   If the promise were made for such fraudulent purpose, it seems a court of equity would interfere to enforce it, notwithstanding it was not in writing, provided it embraced an express agreement for the execution of a writing.

*Appeal from Saline Circuit Court.*—HON. WM. T. WOOD, Judge.

*Waters & Winslow* with *Shackelford* and *Vest* for appellant.

Having paid the purchase money at the request of the vendee, and with the distinct and specific understanding and agreement that the lien should continue, the plaintiff is entitled to the benefit of the vendor's lien. *Bartlett v. Glascock,* 4 Mo. 62; *Truesdell v. Callaway,* 6 Mo. 605. The reason is, that it would be a fraud upon the party making the advance under these circumstances, to permit the ven-

dee to take the title and retain the land, for which the money of another had paid, without repaying the purchase money. It certainly would be a gross fraud upon the plaintiff to permit the other creditors of the estate of F. M. Wooldridge, which is admitted to be insolvent, to take the real estate for which plaintiff's money has in part paid, without returning the purchase money; and while it is true that the provisions of our statute have entirely superseded the equitable methods of marshaling assets, the principles underlying those methods may be invoked to illustrate or explain analogous remedies given or permitted under the statute. *Titterington v. Hooker*, 58 Mo. 593; *Lewis v. Chapman*, 59 Mo. 371; *Linville v. Savage*, 58 Mo. 248; 2 Story Eq. Jur., (6 Ed.) § 1227; *Mitchell v. Butt*, 45 Ga. 162; *Latham v. Staples*, 46 Ala. 462.

2. The general rule is that a vendor's lien can only be enforced by the vendor; but undoubtedly it is subject to several well defined exceptions. It passes to the personal representatives of the vendor, and may be enforced by creditors and legatees in marshaling the assets of the vendee. 2 Story Eq. Jur., (6 Ed.) §§ 389, 1227. It may be enforced in favor of a judgment creditor. *Edwards v. Edwards*, 24 Ohio St. 402. And when no deed is made it passes by an assignment of the note given for the purchase money. *Adams v. Cowherd*, 30 Mo. 458. A security of the vendor, who has paid the purchase money, takes the lien by substitution. *Smith v. Schneider*, 23 Mo. 447. When a subsequent incumbrancer, or purchaser, is forced to pay the lien, he takes it by substitution as against other incumbrances. 2 Story Eq. Jur., (6 Ed.) § 1227. The plaintiff being an administrator, had no right to discharge the lien until the money was paid to the estate. Tiffany & Bullard on Trusts, 150; *Lessing v. Vertrees*, 32 Mo. 431; *Smarr v. McMaster*, 35 Mo. 349; *Stewart v. Caldwell*, 54 Mo. 536; *Stewart v. Wood*, 63 Mo. 252; *Bompart v. Lucas*, 21 Mo. 598. As against any but *bona fide* purchasers those interested in the estate could follow the trust property. F. M.

Wooldridge having had notice of the facts, and defendant standing in privity with him, it could be followed into their hands. The lien was not lost by taking the original note for the purchase money, the note for the balance unpaid at the settlement, or the presentation and allowance of this last note against the estate; and the same results would have followed taking a deed of trust on the land. *Delassus v. Poston*, 19 Mo. 425; *Johnson v. Scott*, 34 Mo. 129; *Adams v. Buchanan*, 49 Mo. 64; *Major v. Bukley*, 51 Mo. 227; *Ficklin v. Stephenson*, 33 Mo. 341; *Morris v. Pate*, 31 Mo. 315; *Linville v. Savage*, 58 Mo. 248. Besides, it was expressly agreed that the lien should continue, notwithstanding the acknowledgment of the receipt of the purchase money and the execution of the deed; and in this State the lien continues under such circumstances. *Crump v. McMurtry*, 8 Mo. 408. Plaintiff having assumed this liability at the request of F. M. Wooldridge, which was impliedly accepted by the parties in interest as a part of his original liability for the assets of the estate coming to his hands, the relation of suretyship virtually grew out of the transaction, and the lien should have been enforced in his favor under the rule laid down in *Smith v. Schneider*, 23 Mo. 447.

*Letcher, Landon & Scott* for respondents.

SHERWOOD, C. J.—In August, 1860, Francis M. Wooldridge bought of Jane Chambers a tract of land of fifty acres, executed his note to her for the purchase price, $1,000, receiving in return a title-bond. Some years afterwards, Jane Chambers died, and Wm. D. Wooldridge administered upon her estate. The note and interest then amounted to $1,444.84. Francis M. Wooldridge had a claim allowed against the estate of Jane Chambers for $746.56. He then, being desirous of securing the legal title of the land bought, entered into an arrangement with Wm. D. Wooldridge, whereby the latter surrendered to Francis M. Wooldridge his note for the land, receiving in

return the receipted account of the latter, allowed as before stated, against the estate of Jane Chambers, and also the note of Francis M. Wooldridge for $698.28, payable to Wm. D. Wooldridge; the amount of the note being the difference between the note executed to James Chambers and the claim allowed against her estate. These transactions occurred so as to enable the vendee of the land to obtain a title thereto, through proceedings in the probate court, which were had, and the deed made under the statutory provisions.

Mr. Boyd, who drew the papers and conducted the business before mentioned, between the administrator of Jane Chambers and her vendee, states that in the interview between them, "Both parties admitted that the note due from Francis M. Wooldridge was given for a tract of land sold by Jane Chambers to Francis M. Wooldridge; that a lien was to be held on the land until the purchase money was paid." Mr. Boyd further states, that he had " an indistinct recollection that at the time of the transaction it was understood that Francis M. Wooldridge was to give a deed of trust on the land to secure the note." Francis M. Wooldridge died leaving a wife and children; the land he bought being the only assets of the estate. Wm. D. Wooldridge had his note allowed against the estate of Francis M. Wooldridge, and now institutes this proceeding in equity to be subrogated to the rights of Jane Chambers as vendor of the land, and have a judgment enforcing his lien against the land, and claiming that if not so entitled, yet having paid the sum of $698.28, he is entitled to have those who claim under F. M. Wooldridge declared trustees, and to have the land sold for the payment of such portion of the purchase money as he had paid for the vendee. The court below holding that there was no equity in the petition, dismissed it, hence this appeal.

We are clear that plaintiff was not entitled to have a lien as a vendor of the land, declared in his favor, either through subrogation or otherwise. The purchase money

of land is either " the price agreed to be paid for the land, or the debt created by the purchase." *Eyster v. Hatheway*, 50 Ill. 521; *Austin v. Underwood*, 37 Ill. 438. The debt, in the case before us, had been years in existence, anterior to the transaction referred to, and that transaction was, in substance, but a loan by Wm. D. Wooldridge to Francis M. Wooldridge of the sum for which the latter executed his note to the former. If in the nature of a mere loan, certainly the lender ought not to occupy any higher or better position than any other ordinary creditor, unless there is some other feature of the case which should take it out of the general rule existing between a creditor and his debtor. It seems to be thought by counsel for plaintiff that the desired feature capable of taking this case out of the ordinary routine, is furnished by what took place between the parties in the presence of Mr. Boyd. It is to the last degree doubtful whether the language itself will bear the construction placed upon it by counsel. Mr. Boyd says: " Both parties admitted that the note due from Francis M. Wooldridge was given for a tract of land sold by Jane Chambers to Francis M. Wooldridge; that a lien was to be held on the land until the purchase money was paid:" The admission with regard to the lien would apply as well to what took place between Jane Chambers and her vendee, as to what occurred between the latter and the plaintiff. But conceding that the language imports all that plaintiff's counsel claims, that the vendee was to give a lien upon the land until the purchase money was paid, still we are met by the formidable objection presented by the statute of frauds. Giving the language this very favorable construction, it is quite evident that plaintiff relied on the word of the vendee to make him secure in accordance with what had been promised. If the vendee had made this with a fraudulent purpose of obtaining an advantage, and then breaking faith with plaintiff, we might be disposed to afford relief, notwithstanding the statute " on the foot of the fraud." *Halfpenny v. Ballet*, 2 Vernon 373. But there

is no indication in this record of a fraudulent purpose on the part of the vendee, and unless this is the case the statute forms an absolute bar. *Chambers v. Lecompte*, 9 Mo. 566, and cases cited; 2 Story on Contracts, § 1466, and cases cited. And it is said that even in case of fraudulent nonperformance, where a writing was to evidence the contract, there must be an express promise to reduce the contract to writing, and not a mere parol promise to do the act agreed on, not looking to such reduction. If, as above seen, there was in the present instance neither fraud of the character spoken of, nor any contract respecting the land to be reduced to writing, the whole matter thus rested in parol and under the ban of the statute. We, therefore, concur with the lower court that plaintiff has established no ground for equitable relief, and accordingly affirm the judgment. All concur.

AFFIRMED.