MARTIN v. NIXON *et al.*, *Plaintiffs in Error.*

1. **Equitable Mortgage.** An agreement in writing to give a mortgage, or a mortgage defectively executed, or an imperfect attempt to create a mortgage, or to appropriate specific property to the discharge of a particular debt, will create a mortgage in equity, or a specific lien on the property so intended to be mortgaged.

2. **Mortgage**: OMISSION OF LAND BY MISTAKE : LIEN OF JUDGMENT. When land intended to be included in a mortgage, is, by mistake, omitted, and a judgment is subsequently rendered against the mortgageor, the lien of the judgment creditor is subject to the equity of the mortgage. The lien of the judgment does not exceed the actual interest which the judgment debtor had in the land at the time of its rendition.

3. ———— : ———— : EQUITY : PRIVIES. Courts of equity, in such cases of mistake, will interfere to grant relief as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of the facts.

4. ———— : ———— : BONA FIDE PURCHASER. As against *bona fide* purchasers for a valuable consideration without notice, courts of equity will grant no relief, because they have an equal equity to the protection of the court.

5. **Extension of Time** : VALID CONSIDERATION. Extension of time by one for the payment of a debt due him is a valid consideration for a note therefor and deed of trust given to secure it.

6. **Deed of Trust**: OMISSION OF GRANTOR'S SIGNATURE : EQUITABLE MORTGAGE : DEED OF CORRECTION. A deed of trust, proper in form, and acknowledged before the proper officer as the act and deed of the grantor, but lacking his signature, which was omitted by mistake, may be regarded as an equitable mortgage, and enforced accordingly, against the lien of the judgment creditor subsequently acquired. And, inasmuch as the imperfect execution of the deed could have been corrected in a court of equity, it follows that the grantor could remedy the defect by a deed of correction filed for record before the levy of the execution, and purchase thereunder, under which plaintiffs claim.

*Error to Johnson Circuit Court.*—HON. NOAH M. GIVAN, Judge.

REVERSED.

*S. P. Sparks* and *N. K. Chapman* for plaintiffs in error.

(1) The agreed statement of facts included all the facts that were before the court, and was equivalent to a special verdict; the motion in arrest called the attention of the court to its errors in the decree. *Gage v. Gates,* 62 Mo. 412; *Shaw v. Padley,* 64 Mo. 519. (2) But the errors complained of appear on the face of the record; neither motion for a new trial, nor in arrest, was necessary for an appellate court to review them. *Bagby v. Emerson,* 79 Mo. 136. (3) The giving of further time for the payment of the notes by the Nixons to Woodward for the period of six months, although for an existing debt, was a valuable consideration, and was sufficient to support a mortgage, as a purchase for a valuable consideration. *Cass Co. v. Oldham,* 75 Mo. 50; Jones on Mort., sec. 429. (4) A mortgage defectively executed, an imperfect attempt to create a mortgage, or to appropriate specific property to a particular debt, will create an equitable mortgage. 1 Hill on Mort. [4 Ed.]; *Racouillat v. Sansevain,* 32 Cal. 276; *McQuie v. Peay,* 58 Mo. 26; *Blackburn v. Tweedie,* 60 Mo. 505; *Duncan v. Miller,* 20 N. W. Rep. [Ia.] 161. (6) There is no difference between the mistake in failing to affix signature to a mortgage, and the omission or misdescription of lands intended to be mortgaged. In the latter case, they are regarded as conveyed by an unrecorded mortgage, and is valid against subsequent judgments, or attachment liens. *First Nat'l Bank v. Hayzlett,* 40 Ia. 659; *Galway v. Malchow,* 7 Neb. 285; *Duncan v. Miller, supra.* (7) Plaintiffs in error being *bona fide*

purchasers for a valuable consideration, could have enforced a reformation of the deed of trust, as to the grantor, as to his failure to affix his signature, and that against his judgment creditors. 1 Story's Eq. Jur., secs. 165, 174 ; Sugden on Powers [4 Ed.] ch. 6, pp. 369, 370. *A fortiori* Woodward could make this correction himself. (8) The defendant in error was a purchaser at an execution sale, under a judgment in his own favor, on which execution was issued and sale made after the deed of trust had been fully perfected, and, therefore, purchased with notice of the prior right of plaintiffs in error. A purchaser at an execution sale is not an innocent purchaser without notice, he buys only such interest as the judgment debtor has ; if that interest is subject to equities even totally unknown to the buyer, the title is subject to the same equities. *Mann v. Best*, 62 Mo. 491, 496 ; *Draper v. Bryson*, 26 Mo. 108 ; *Dickson v. Desires*, 23 Mo. 166 ; *Davis v. Briscoe*, 81 Mo. 27. (9) Numerous decisions of this court lay down the rule that a *bona fide* purchaser of property who has failed to record his deed until after judgment has been recovered against his vendor, but who records it prior to the sale under the judgment, can hold it against the person purchasing under the judgment. *Davis v. Ownsby*, 14 Mo. 170 ; *Valentine v. Havener*, 20 Mo. 132 ; *Stillwell v. McDonald*, 39 Mo. 282 ; *Potter v. McDowell*, 42 Mo. 93 ; *Reed v. Ownsby*, 44 Mo. 204 ; *Black v. Long*, 60 Mo. 181 ; *Fox v. Hall*, *supra*. (10) Where a deed of trust, by mistake, omitted to describe certain lands, but the mistake was corrected by the grantor through a new deed, and the land was sold under the latter as well as the former, the sale may be affirmed, and a court of equity will set aside the lien of the judgment on the land obtained by the creditors, with notice after the first, but before the second, deed. Equity may not only enforce liens, but remove them when they come in conflict with a superior equity. *Young v. Cason*, 43 Mo.

179, 250. (11) There is no claim, either in the petition or reply, that defendant in error was a *bona fide* purchaser for value without notice of equities of plaintiffs in error. It is a matter which must be pleaded, as well as proved, by the party relying on it. *Frost v. Beekman*, 1 Johns. Ch. 288; *Murray v. Ballou*, 1 Johns. Ch. 566; *Murray v. Finster*, 2 Johns. Ch. 155; *Jewell v. Palmer*, 2 Johns. Ch. 65; *Halsa v. Halsa*, 8 Mo. 303, *loc. cit.* 309. (12) The perfection of the deed of trust by Woodward himself invested the trustee with the legal title, and plaintiffs in error, by the purchase under the sale by them, acquired a perfect legal title which should not be disturbed. It is, therefore, confidently believed that this case will be reversed, with direction that plaintiff's petition be dismissed, because there is no equity in his case.

*W. W. Wood* for defendant in error.

(1) The unsigned paper, in the form of a deed of trust, was not a case of defective execution, but was one of a total failure to execute. It lacked a signature, one of the essential requirements of the statute of frauds. R. S., secs. 2509, 2513; *Goodman v. Randall*, 44 Conn. 321; *Shepherd v. Burkhalter*, 13 Ga. 443; *Jacobs v. Railroad*, 8 Cush. 223; Jones on Mort., secs. 168, 530. (2) In every case relied on by counsel for plaintiffs in error, the requirement of the statute of frauds had been complied with. (3) The equities of the plaintiffs in error are not superior to those of defendant in error. The debt which Woodward attempted to secure to them by the execution of the deed of trust was only a renewal of a preëxisting debt. No money was paid out on the strength of obtaining the deed of trust. The time of the payment of the original note was not extended. The agreed statement of facts does not show that the original note was delivered up. If Woodward agreed to give a deed of trust in consideration of the

extension of the time of payment and did not do it, then there was nothing to prevent suit on the old note.

NORTON, C. J.—This cause was tried on the following agreed statement of facts :

"That on the fourteenth day of December, 1882, the plaintiff recovered a judgment in the circuit court of the county of Henry, in the state of Missouri, against one John Woodward and W. R. Muir, for the sum of six hundred and thirty-seven and fifty-one hundredths dollars; and that on the eighteenth day of December, 1882, he caused a duly-certified transcript of said judgment to be filed in the office of the clerk of the circuit court, within and for the county of Johnson, in the state of Missouri, and that afterwards he caused an execution to be issued upon said judgment, on the seventeenth day of August, 1883, directed to the sheriff of the said county of Johnson, which said execution was, by the sheriff, on the eighteenth day of August, 1883, levied upon the following-described real estate, situate in the county of Johnson, as the property of said John Woodward, to-wit : The northeast quarter of the southeast quarter of section 26, township 44, range 24.

"That, on the nineteenth day of October, 1883, the said land was sold by said sheriff, under said execution, at which sale plaintiff became the purchaser of all the right, title, and interest of the said John Woodward therein, and received a deed therefor.

"That, on the twenty-first day of November, 1882, the said John Woodward was indebted to and owed defendants the sum of four hundred and thirty-three dollars, security on two certain promissory notes of one W. R. Muir, and payable to defendants, which were then past due, and in consideration of said debt and the further agreement of the defendants to extend, and the extension of the time of the payment of the sum of money due by said notes for a period of six months, the

Martin v. Nixon.

said John Woodward promised and agreed to and with defendants to execute his negotiable promissory note, in lieu of the notes of himself and the said Muir, to the defendants, for the said sum of four hundred and thirty-three dollars, being dated November 21, 1883, due six months after date, with interest thereon at the rate of ten per cent. per annum, and if the interest be not paid annually, to become as principal and bear the same rate of interest, and to execute, acknowledge and deliver to W. T. Shivil, his deed of trust, conveying to said Shivil the following-described real estate: The northeast quarter of the southeast quarter of section 26, township 44, range 24, to secure the payment of said note, with power of sale in said trustee, if said note should not be paid according to its tenor and effect.

"That, in pursuance of said agreement of said Woodward, the defendants extended the time of payment of said sum of money, and said Woodward, in part performance of said agreement, executed and delivered to defendants his promissory note in the following words and figures, to-wit:

"'$433.00.    WINDSOR, Mo., November 21, 1882.

"'Six months after date I promise to pay to the order of Catherine Nixon and Emma Nixon, four hundred and thirty-three dollars, for value received, negotiable and payable without defalcation or discount, and with interest from date at the rate of ten per cent. per annum, and if the interest be not paid annually, to become as principal, and bear the same rate of interest.

"'[Signed]    JOHN WOODWARD.'

"And did, at the same time, cause to be drafted a deed of trust, purporting to convey to W. T. Shivil, trustee, the premises aforesaid, for the use and benefit of defendants, to secure the payment of said notes, and did, on said day, appear before one N. K. Chapman, a notary public, within and for the county of Henry, state of Missouri, and acknowledge the same to be his act and

deed, for the purposes expressed in said deed, and did deliver the said deed to defendants.

"That, on the following day, November 22, 1882, defendants caused said instrument to be filed in the office of the recorder of deeds, within and for Johnson county, Missouri, for record.

"That the said John Woodward, by an oversight and mistake, omitted to subscribe his name to said deed of trust, although fully intending to do so.

"That, on the twenty-third day of November, 1882, the recorder of Johnson county discovered that said deed of trust had not been subscribed by said Woodward, and on same day transmitted same to H. B. McCleverty, who had sent same to him, who, overlooking the fact that said deed of trust had not been so subscribed, retained possession of the same until the twentieth of December, on which day said John Woodward subscribed the same, and it was returned to said recorder on the twenty-first day of December, 1882.

"That, thereupon, they caused said deed to be recorded in the office of the recorder of deeds in and for Johnson county, Missouri, as the same will fully appear by reference to deed of trust record 'S' at pages 445, 446 and 447.

"That, in drafting said deed of trust, by a mistake of the scrivener, the said premises therein conveyed were described as situate in the county of Henry, state of Missouri, when, in truth and in fact, they are situate in the county of Johnson, state of Missouri; and for the purpose of correcting said mistake, the said John Woodward, on the thirteenth day of August, 1883, executed, acknowledged and delivered to W. L. Shivil, trustee for the defendants, his deed of correction, properly describing the said lands as situate in the county aforesaid, which said deed was duly filed in the office of the recorder of deeds, within and for said county, and recorded at page 16, in deed of trust book 'U' on file

in said office, which said deed contains the same recitals and covenants as the first deed of trust herein described, except that it fully described said land as situated in Johnson county, instead of Henry county, Missouri, and contained the further recital: 'This deed of trust is given and executed to the said parties hereto, to correct an error and mistake in the name of the county, stated in a former deed of trust, executed by the said John Woodward to W. T. Shivil, trustee; Catherine and Emma Nixon being the beneficiaries in said former deed, of which this deed is a correction, is dated on the twenty-first day of November, 1882, and recorded in the recorder's office of Johnson county, Missouri, in book 'S' at page 445. In said former deed the land therein described is stated to be situated in Henry county, Missouri, when it should have been Johnson county.'

"That, afterwards, default having been made in the payment of said note, according to its tenor and effect, the said trustee herein named, W. T. Shivil, refused to act, and in pursuance of such refusal and authority conferred by said deed of trust, H. H. Russell, the then sheriff of said Johnson county, at the request of said defendants, and by virtue of the power conferred on him, did, in place and stead of said Shivil, after having given the notice required by said deed, on the twenty-fourth day of March, 1884, at the courthouse door, in the city of Warrensburg, county of Johnson, state of Missouri, offer said premises for sale, by public auction, to the highest bidder, for cash in hand, to satisfy and pay off said debt so secured, and defendants being the highest bidder, having bid therefor the sum of two hundred and fifty dollars, the same was stricken off and sold to said defendants, and in pursuance of said sale and purchase, the said H. H. Russell, trustee as aforesaid, executed, acknowledged and delivered his deed, as such trustee, conveying to them said premises.

"It is further admitted that the defendants entered into said premises at the time alleged, and that if the court finds that the plaintiff is entitled to recover, that the damages may be assessed at one cent, and the monthly rents at no dollars per month.

"It is agreed that upon the facts admitted, the court may make such separate finding and judgment upon each count of the petition as the law may warrant."

On the above facts the court declared by its finding that, under the law, plaintiff was entitled to recover, and rendered judgment accordingly, from which defendants have appealed.

The principles of law applicable to the facts agreed upon may be summarized as follows : The doctrine seems to be well established that an agreement in writing to give a mortgage, or a mortgage defectively executed, or an imperfect attempt to create a mortgage, or to appropriate specific property to the discharge of a particular debt will create a mortgage in equity, or a specific lien on the property so intended to be mortgaged. *McQuie v. Peay*, 58 Mo. 56 ; 1 Am. Lead. Cases in Eq. 510 ; *Howe's Case*, 1 Paige, 125 ; *Racouillat v. Sansevain*, 32 Cal. 376.

When land, intended to be included in a mortgage, is, by mistake, omitted, and a judgment is subsequently rendered against the mortgageor, the lien of the judgment creditor is subject to the equity of the mortgage. The lien of a judgment does not exceed the actual interest which the judgment debtor had in the land at the time of its rendition. Freeman on Judg., secs. 359, 357 ; Williams Eq. Jur, 75; *Galway v. Malchow*, 7 Neb. 286.

Extension of time by defendants for the payment of a debt due them was a valid consideration and sufficient to support the deed of trust to defendants as purchasers for such valuable consideration. *Cass Co. v. Oldham*, 75 Mo. 50 ; 1 Jones on Mort., sec. 459.

In all cases of mistakes in deeds, courts of equity will interfere as between the original parties, or those claiming under them in privity, such as personal representatives, heirs, devisees, legatees, assignees, voluntary grantees, or judgment creditors, or purchasers from them with notice of the facts. As against *bona fide* purchasers for a valuable consideration without notice, courts of equity will grant no relief; because they have at least an equal equity to the protection of the courts. 1 Story Eq., sec. 155; *Young v. Coleman*, 43 Mo. 179.

In carrying out the principles above announced, in the case of *Mastin v. Halley*, 61 Mo. 196, where there was a defective execution of a deed, in that it lacked a seal, it was held that the doctrine that "courts of equity will interpose for the relief of a vendee, who has taken a defective conveyance, and will compel the vendor and his heirs, and all other persons claiming under him by the act of the law, although without notice, and even purchasers claiming as purchasers for a valuable consideration, if with notice, to make good the conveyance, is well established," and the language of Chancellor Kent, in disposing of the question of the lack of a seal to a deed, is adopted, to the effect "that as the instrument was in form a deed, with the single exception that it lacked a seal, and as it concluded with the words, 'In witness whereof I have hereunto set my hand and seal,' the intention to affix the seal was apparent and the omission to do so a mere mistake concerning which redress could be afforded," and it was decreed in that case that a subsequent purchaser with notice should convey the legal title to the first purchaser.

So, in the case of *McQuie v. Peay*, 58 Mo. 56, where the deed of trust omitted to name a trustee, while it was held that the deed was, at law, inoperative, it was nevertheless held that it should be regarded as an equitable mortgage and sufficient to create a lien for the

benefit of the creditor which could be enforced in equity.

So, in the case of *Young v. Cason*, 48 Mo. 259, it is held that when a deed of trust, by mistake, omitted to describe certain lands, but the mistake was corrected by the grantor through a new deed, and the land was sold under the latter, as well as under the former, the sale may be affirmed and a court of equity will set aside the lien of a judgment on the land obtained by a creditor with notice after the first, but before the second, deed.

Sealing, as well as signing, a deed is essential to make it operative at law as a deed, and ordinarily it is as essential that there should be a grantee as a grantor, and if, as is held in the cases above cited, a deed of trust in which no trustee is named, or which is lacking in having a seal, one of the essentials of a deed, will be enforced as an equitable mortgage, no reason is perceived why the deed of trust in this case, made on the twenty-first of November, 1882, regular in form and acknowledged before a proper officer as his act and deed, but lacking the signature of the grantor, which was omitted to be done by mistake, may not also be regarded as an equitable mortgage and enforced accordingly against the lien of the judgment creditor subsequently acquired. And, inasmuch as the imperfect execution of the deed of November 21, 1882, could have been corrected in a court of equity, it follows that the grantor himself could remedy the defect, as was done in this case by the deed of correction made on the thirteenth of August, 1883, which recites as follows:

"This deed of trust is given and executed to the said parties hereto to correct an error and mistake in the name of the county stated in a former deed of trust, executed by the said John Woodward to W. T. Shivil, trustee; Catherine and Emma Nixon being the beneficiaries of said former deed of which this deed is a correction, is dated on the twenty-first day of November.

Martin v. Nixon.

1882, and recorded in the recorder's office of Johnson county, Missouri, in book 'S' at page 445. In said former deed, the land herein described is stated to be situate in Henry county, Missouri, when it should have been Johnson county." This deed of correction was filed for record before plaintiff's execution was levied on the land, and before he purchased at the sale made under the execution.

For the reasons given, the judgment of the circuit court is reversed and the cause remanded, with directions to enter up judgment for defendant and dismiss the plaintiff's bill. All concur except Ray, J., who dissents.

RAY, J., DISSENTING.—Not being able to concur with my brethren in their opinion in this case, I beg leave to state briefly some of the reasons therefor.

Prior to the case of *Davis v. Owenby*, 14 Mo. 171, it was uniformly held, by this court, that the lien of a judgment would hold over an unrecorded deed or mortgage; but in the later case, *supra*, it was ruled, that "a *bona fide* purchaser of property, who has failed to record his deed until after a judgment has been recovered against his vendor, but who records it prior to any sale under the judgment, can hold it against the person purchasing under the judgment." In this case (*Davis v. Owenby*) it was also held that a "purchaser who has paid his money for land, and received his deed, is the owner of the land, and the property is no longer the property of the vendor, nor has he any seisin in it, either at law, or in equity, whether the deed be recorded or not." It was also further held, that "a creditor by obtaining a judgment acquires a lien that binds the estate of the defendant against any *subsequent* act of his, but he acquires no interest, or estate, in the property." In the case at bar there is no pretense, in the agreed statement of facts, that the plaintiff, Martin, at

the time of his purchase at executor's sale under his judgment, had any *actual* notice of any of the defendants' equities therein, or of the fact upon which they were predicated. It is concluded that unless the plaintiff, by virtue of statutes concerning conveyances of real estate, and registration of deeds, and has *constructive* notice of defendants' equities, he was entitled to recover the lands in suit under the facts in the agreed statement.

If that be so, it only remains to inquire which, if either, of the instruments of writing, or deeds of trust, mentioned in said agreed statement, was competent, under chapter 20, Revised Statutes, concerning conveyances of land, and the recording of same, to impart *constructive* notice to plaintiff of defendants' legal or equitable right, if any, to the land in question? Section 668, of said chapter, Revised Statutes, provides that "conveyances of lands, or of any estate or interest therein, may be made by deed executed by any person having authority to convey the same, or by his agent or attorney, and acknowledged and recorded as herein directed, without any other act or ceremony whatever." Section 674 provides, that "all deeds, or other conveyances of lands, or of any estate or interest therein, shall be subscribed and sealed by the party granting the same, or by his lawful agent, and shall be acknowledged, or proved and certified in the manner herein prescribed." Section 692 provides, that "every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice."

I think it clear that the instrument of writing bearing date November 21, 1882, and filed for record on November 22, 1882, purporting to convey said land in trust,

Martin v. Nixon.

etc., was, under the statute, inoperative to pass title for want of the signature of the grantor; and if inoperative to pass title, it was equally inoperative to impart notice. We think it equally clear, that when, afterwards, on the twentieth of December, 1882, said instrument was signed by the grantor, but not reacknowledged, and then recorded, that it then was competent, and did pass the title, but that it was still inoperative to impart notice, for the reason that it was not reacknowledged, after affixing the signature.

If that be so, it seems equally clear that the subsequent deed of trust, made to correct a supposed defect in the first deed of trust, was inoperative either to pass title or impart notice, for the reason that the first deed, when signed, being valid and operative to pass title, left none in the grantor to pass by the deed of correction, subsequently made to correct a fancied defect, which had no existence in point of fact. The land in question being correctly described in the first deed, by its congressional numbers of section, township, and range, passed by that description, and the further statement that it was situated in Henry county, being false in fact and in law, was mere surplusage, and harmless to impeach or invalidate the deed. If the deed of correction, for the reason stated, passed no title, it was for the same reason equally inoperative to impart any notice to subsequent purchasers. As nothing passed, there was nothing to notice.

But besides this, as both the signing of the first deed of trust, and the execution of the second, were acts of the judgment debtor, *subsequent* to the rendition of the judgment, or filing of the transcript in question, under which plaintiff bought, at execution sale thereunder; they were invalid as against the lien of said judgment or transcript. If this be so, it must follow that the judgment debtor cannot defeat the lien of a judgment creditor, by inserting in a subsequent formal paper, or

Martin v. Nixon.

deed, recitals of fact, or equities, that do not otherwise appear of record in some valid and formal deed or instrument of writing, executed prior to the date of such judgment or transcript, and recorded prior to the date of executor's sale, under said judgment. That is, such subsequent deeds, with such recitals, do not, under the registration act, of themselves, *impart* notice to the purchaser, under execution upon such prior judgment. It may be admitted, for the sake of the argument, that *actual notice* of such facts, brought home to such execution purchaser, before the sale, would defeat the purchase, but this is not the case. It is here insisted and ruled, by the opinion of the court, that the *subsequent* recording of a *subsequent* deed, with such recitals, of itself, under the statute, *imparts* notice, notwithstanding the execution purchaser, in point of fact, had no such notice. Such, I respectfully submit, is not the law. Section 2730, Revised Statutes, provides that, "judgments and decrees rendered by any court of record shall be a lien on the real estate of the person against whom they are rendered, situate in the county for which the court is held." 14 Mo. 170 ; 20 Mo. 133 ; 44 Mo. 204. So, of transcripts of judgments of courts of record from other counties, from the date of filing same for record. R. S., sec. 2768.

Whilst a *bona fide* deed, made prior to the date of the judgment, if recorded prior to an execution sale thereunder, takes precedence of the lien of the judgment, yet, we apprehend that no well-considered case goes to the extent of holding (as this opinion does) that the judgment creditor's lien does not bind the estate of the judgment debtor against any *subsequent* act of his, by deed, or otherwise. *Davis v. Owenby, supra*, p. 133. Or that the judgment debtor can evade the force of the judgment, by a formal deed or paper, subsequently made, by inserting therein recitals of alleged prior acts and facts, and thus give the registration law a retroac-

tive force and operation, that only belongs, under the most liberal rulings, to *bona fide* deeds, made before the date of the judgment, if recorded before the execution sale. Such subsequent deeds do not take precedence of the lien of the prior judgment; nor do they, in my opinion, impart such constructive notice, under the statute, as to invalidate the purchase thereunder, as is ruled in the opinion of the court in this case.