Green B. Wade, Plaintiff in Error, *v.* Henry W. Beldmeir, Clemens C. Hartmann, and Robert Roentgen, Defendants in Error.

*Equity—Substitution—Conveyances—Notice.*—A., without actual knowledge of an attachment, purchased land subject to the encumbrance of a deed of trust, which was paid out of the purchase money and released upon the record, the title having been reported upon as subject only to the encumbrance of the deed of trust. Under the judgment in the attachment suit the land was subsequently sold. *Held,* that A. had no equity, to have entry of satisfaction set aside, to be substituted in the place of the original *cestui que trust,* and to have the property sold to pay the amount originally secured by the deed of trust; and that he must be treated as a purchaser with full notice.

*Error to St. Louis Circuit Court.*

*Garesché & Mead,* for plaintiffs in error.

*Woerner & Kehr,* for defendants in error.

FAGG, Judge, delivered the opinion of the court.

Plaintiff in error instituted a suit in the Circuit Court of St. Louis county, claiming to be an innocent purchaser in good faith of certain real estate situate in the city of Saint Louis. It is alleged that he purchased the same supposing it to be free from all charges and encumbrances, except a deed of trust to secure an amount less than the price paid for the property. The debt secured by this deed of trust was paid off and discharged out of the purchase money, and satisfaction entered of record by the trustee. It was further averred that, previous to his purchase, he caused an examination to be made by a skilful and competent conveyancer for the purpose of ascertaining the condition of the title, and this deed of trust was reported to be the only obstacle in the way of securing a complete and perfect title to the premises. In point of fact, however, a creditor of the parties of whom the purchase was made had previous thereto instituted a suit against them by attachment, and a levy was made upon this identical property. This suit was prosecuted to a judgment and the property sold by the sheriff of St. Louis county, the creditor being the purchaser at said sale. The trustee, *cestui que trust,* and the attaching creditor, are all made parties defendant, and the court asked to make a decree setting aside the entry of satisfaction of the deed of trust, subrogating the plaintiff to all the rights of the *cestui que trust,* and directing the trustee to resell the property so as to repay the plaintiff the amount of his purchase money. The court rendered judgment for the defendants upon a demurrer to the petition, and the case is brought here by writ of error.

There was no averment in the petition to the effect that unless the decree should be made as prayed for the plaintiff would be left without a remedy. There was no pretence of

any fraud on the part of any person made a party to the suit. The only ground of relief stated is the fact that an attaching creditor had secured a prior lien upon the property and afterwards perfected the same by a sheriff's sale, and that plaintiff had no actual knowledge of these facts.

The case of Vallé's Heirs v. Fleming's Heirs, 29 Mo. 152, is relied upon as settling this question in favor of the plaintiff. The claim of the plaintiffs in that case, however, rested upon equity, altogether different from that presented here. The principle settled in that case, as well as all of the authorities cited in support of it, was simply that where the purchase money paid for real estate, under a sale aftewards held to be void, had been applied to the extinguishment of a mortgage to which the same was subject in the hands of the owner, such purchaser should be subrogated to the rights of the mortgagee to the extent of the money so applied. In other words, that the true owner could not avail himself of the benefit of a payment made by a purchaser under a void sale and recover the property without compensation to such purchaser to the extent of his payment.

The case at bar may be one of great hardship, but we fail to discover any equitable ground of relief in the petition. It is different from the case cited, in the fact that the plaintiff must be treated as a purchaser with full notice. The attaching creditor does not sustain the same relation to the property that the heirs did in that case. They were seeking to recover against innocent purchasers for a valuable consideration at a sale made by the administrator for the express purpose of raising money to pay off a mortgage upon the land of his intestate. The discharge of this encumbrance with the money of the purchaser at the sale was held to be a payment directly for their benefit, and that it would be inequitable to permit them to recover the property without repayment of the purchase money. According to the petition in this case, the suit by attachment was commenced something like two months before the date of plaintiff's purchase. As to the attaching creditor, this plaintiff must be held to

be a mere volunteer and not entitled to the relief prayed for. The court committed no error in sustaining the demurrer, and its judgment must be affirmed.

The other judges concur.