DAILEY v. JESSUP *et al.*, *Appellants.*

**Relief in Equity against Mistake of Law, when Granted.** Mere ignorance of the law on the part of a party to a contract will not authorize a court of equity to set aside the contract. There must be something more. The attending circumstances must be such as to excite suspicion of fraud, imposition, misrepresentation or undue influence on one side, and imbecility, credulity or blind confidence on the other. Upon this principle, where it appeared that defendant had believed himself not legally bound to pay plaintiff's claim, but plaintiff's attorney had pressed him for payment, insisting that he was bound, and had prevailed upon him to execute a note for the amount, but it did not appear that he had relied upon the attorney's opinion, nor what were the considerations which induced him to accede to the attorney's demand, and there was no testimony tending to create even a suspicion of fraud, imposition, misrepresentation or undue influence; *Held*, that even if plaintiff's claim was originally unfounded, equity would not relieve defendant from payment of the note.

*Appeal from Andrew Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*Belch & Silver* and *H. B. Giddings* for appellants, cited in argument Story's Eq., (12 Ed.) §§ 120, 125; *Fitzgerald v. Peck*, 4 Littell 125; *Sparks v. White*, 7 Hump. 86; *Griffith v. Townley*, 69 Mo. 21; *Green v. Morris, etc., R. R.*, 12 N. J. Eq. 165.

HOUGH, J.—On the 11th day of April, 1868, the defendant purchased a tract of land from one Cowan for $4,000, $2,000 of which he paid in cash, and for the balance executed two notes for $1,000 each, payable respectively in one and three years, and received from said Cowan a bond for title. The note first due was paid at maturity. Before maturity of the remaining note, Cowan made a general assignment of all his property, for the benefit of his creditors, to the plaintiff. On the 17th day of August, 1871, the defendant tendered to the plaintiff, as assignee,

the full amount of principal and interest then due on his note and demanded a deed, which plaintiff refused. On the 11th day of April, 1875, payment of the amount due on his note was demanded of the defendant, by the plaintiff's attorney, and the defendant offered to pay the same, excluding the interest from the date of the tender. The bill of exceptions states that plaintiff's attorney "insisted that the defendant, Solomon Jessup, was liable for the interest during said time, and finally prevailed on said Jessup to execute his note with Wm. R. King as his security, for the balance of said second note and ten per cent interest from the 17th day of August, 1871, to the 14th day of April, 1875." The deed was then executed and delivered, and the bond canceled. The note executed by the defendants, and now sued on, was for $702, payable thirty days after April 14th, 1875, the date of its execution. On the 20th day of May. 1875, the defendant, Jessup, paid on this note the sum of $300, and on the 20th day of August following, the further sum of $100. The present suit is brought to recover the balance due on said note, which sum is less than the interest which the defendant, Jessup, contended he was not liable for, and he now asks to be relieved from liability for said balance, on the ground that it represents the interest for which he was not liable, and because he was mistaken as to the law when he executed the note sued on.

Conceding that the tender made stopped the running of interest, the defendant is not entitled, on the facts stated, to the relief sought. It is unnecessary to cite authorities in support of the proposition that mere ignorance of the law on the part of a party to a contract will not authorize a court of equity to set aside the contract. There must be something more. The circumstances attending the making of the contract must be such as to excite "suspicions of fraud, imposition, misrepresentation or undue influence on one side, and imbecility, credulity or blind confidence on the other." *Faust's Admr. v. Birner*, 30 Mo. 414 ; *Griffith v. Townley*, 69 Mo. 13. In the present case it ap-

pears from the testimony that the defendant was himself of opinion that he was not liable for interest after the tender, but that the plaintiff's attorney insisted that he was, and prevailed upon him to execute his note for a sum which included the interest. What the considerations were which induced him to accede to the demands of the plaintiff's attorney nowhere appear. The defendant was fully aware of all the facts, and intentionally bound himself to pay interest which he thought he was not legally liable to pay; and in the absence of testimony tending to create even a suspicion of fraud, imposition, misrepresentation or undue influence, he must be held bound by his contract. The plaintiff's attorney doubtless honestly entertained the opinion that the defendant was liable for interest; at all events, the defendant was under no obligation to rely upon his opinion, and it does not appear from the evidence that he did. This case is not like that of *Fitzgerald v. Peck,* 4 Littell 125, cited by defendant's counsel, where the attorneys for both plaintiff and defendant acted upon a mistaken view of the law in making a settlement. The judgment of the circuit court will be affirmed. All concur.