KLEIMANN v. GIESELMANN *et al., Appellants.*

Division Two, February 28, 1893.

1. Evidence: DEED OF TRUST: PROOF OF LOSS. A certified copy of a deed of trust is admissible in evidence where it is shown sufficiently to reasonably satisfy the mind of the trial judge that the original is lost.

2. ———: PRACTICE, APPELLATE: HARMLESS ERROR. Irrelevant evidence will, in an equity case, be disregarded by the supreme court in determining facts presented for review.

3. Deed of Trust: PAYMENT: SUBROGATION. One, having no interest in land incumbered by a deed of trust, who advances money to the debtor with which the debt is paid off, is regarded as a volunteer and is not entitled to be subrogated to the rights of the original creditor in the deed of trust.

4. Homestead: WILL. A father cannot by his will deprive his minor children of their homestead in land which was occupied as such at the time of his death.

5. Contract: EQUITY: IGNORANCE OF LAW. Mere ignorance of law on the part of a party to a contract will not authorize a court of equity to set it aside.

*Certified from St. Louis Court of Appeals.*

AFFIRMED.

*James Carr* for appellants.

(1) The court erred in admitting in evidence the certified copy of the deed of trust. Sufficient foundation was not laid therefor. (2) The minor appellants had and have a homestead right in the property, and nothing their mother could do could prejudice

them, and hence it was error to permit respondent to testify in regard to Mrs. Gieselmann paying him rent. *Kochling v. Daniel*, 82 Mo. 54; *Roberts v. Ware*, 80 Mo. 363; *Kaes v. Gross*, 92 Mo. 648. (3) There was no agreement between Augustus Reinhardt and Mrs. Werk, by which he was to assign or transfer the note held by him to her. She acquired no right to the lien of his deed of trust by contract. *Bunn v. Lindsay*, 95 Mo. 250. Mrs. Werk was an entire stranger to the debt and deed of trust given by John Henry Gieselmann to secure Justus Reinhardt; and when she loaned the $1,600 to Mrs. Anna Gieselmann to pay off said debt she was a volunteer, and was not entitled to be subrogated to the rights and security of Augustus Reinhart, the owner of said debt and security. Volunteers are not entitled to subrogation. *Ins. Co. v. Middleport*, 124 U. S. 534; *Woolridge v. Scott*, 69 Mo. 669; *Evans v. Halleck*, 83 Mo. 376; *Norton v. Highleyman*, 88 Mo. 621; *Wade v. Beldmeier*, 40 Mo. 486; *Shinn v. Budd*, 14 N. J. Eq. 234; *Kitchell v. Mudgett*, 37 Mich. 82; *Woods v. Gibson*, 17 Ill. 218. Payment of a debt by a stranger, which is secured by mortgage, deed of trust or other lien on property, absolutely extinguishes the debt and operates as a satisfaction of the security, unless he has been compelled to pay the debt of a third person in order to protect his own rights or to save his own property. Sheldon on Subrogation, sec. 3. *Shinn v. Budd*, 14 N. J. Eq. 234; *Guy v. Du Uprey*, 16 Cal. 195; *Wolff v. Walter*, 56 Mo. 295; *Webster & Goldsmith's Appeal*, 86 Pa. St. 403; *Wallace's Estate*, 59 Pa. St. 401; *Sanford v. McLean*, 3 Paige, 11⁻. A homestead cannot be devised away from minor children. Revised Statutes, 1879, sec. 3693; *Kaes v. Gross*, 92 Mo. 648; *Kochling v. Daniel*, 82 Mo. 54; *Roberts v. Ware*, 80 Mo. 363.

*Lubke & Muench* for respondent.

(1) Respondent is entitled to be subrogated to the former rights of Augustus Reinhardt in this mortgage, because at the request of the debtors his assignor, Mrs. Werk, took up that mortgage.   His rights are those of "conventional subrogation."   Jones on Mortgages, sec. 874; Sheldon on Subrogation, secs. 247, 248; *Lockwood v. Marsh*, 3 Nev. 138; *Candle v. Murphy*, 89 Ill. 352; *Wilson v. Brown*, 13 N. J. Eq. 277; *Carter v. Taylor*, 3 Head (Tenn.), 30; *Peltz v. Clark*, 5 Pet. 482; *Wheeler v. Willard*, 44 Vt. 640; *Hoy v. Bramhall*, 4 C. E. Green (N. J. Eq.), 563; *Walker v. King*, 44 Vt. 601; *Wolff v. Walter*, 56 Mo. 295; *Valle's Heirs v. Fleming*, 29 Mo. 152; *Norton v. Highleyman*, 88 Mo. 624.   (2) There was a mutual mistake of fact and law.   Both parties supposed that Mrs. Werk would receive the same degree of security held by Reinhardt. Equity will not permit these defendants to gain an unconscionable advantage through such mistake.   By granting the relief prayed, the defendants are clearly placed in no worse position than they formerly occupied.   To deny such relief would inflict a serious wrong upon an innocent party who acted in the best of faith. *Griffith v. Townley*, 69 Mo. 13; *Nelson v. Betts*, 21 Mo. App. 219.

Burgess, J.—This suit was instituted in the circuit court of the city of St. Louis, where it resulted in a judgment for defendants, from which plaintiff appealed to the St. Louis court of appeals, by which court the decision of the circuit court was reversed. The cause was certified to this court by the court of appeals on the ground that the decision rendered therein by that court is, in the opinion of one of the

judges, in conflict with the decision of this court in the case of *Griffith v. Townley*, 69 Mo. 13.

The questions presented by the record in this case are sufficiently stated by Judge ROMBAUER (45 Mo. App. 497), which are as follows:

"The object of the petition is to obtain a decree declaring that a certain deed of trust executed by John H. Gieselmann is a subsisting lien on certain real estate, and that the plaintiff is the owner of the lien, and to foreclose the lien in this proceeding. The petition states that this deed of trust was executed by Gieselmann to secure the payment of a note of $1,500 to one Reinhardt; that the said Gieselmann afterwards died, leaving Anna Gieselmann, his widow, and the other defendants, his children and heirs at law, and leaving also a last will, duly probated on September 9, 1882, whereby he bequeathed the property in question to his said widow and to the heirs of her body forever; that, at the time of his death, said Gieselmann occupied a part of the buildings on the land as a homestead, the residue being occupied by his tenants; that the debt and interest amounting to $1,600 remained unpaid on or about January 5, 1884, and said Reinhardt threatened, and was entitled to foreclose the deed of trust, unless his debt be secured to him, and the defendant, Anna Gieselmann, being executrix of the mortgagor's last will and representing herself to one Fredericka Werk as the devisee in fee of the equity of redemption in said real estate fully empowered to pass and grant title to the fee in said property and to renew said mortgage, and to keep the lien thereof in force and effect, applied to said Fredericka Werk to pay and furnish to Reinhardt the amount of the mortgage debt and caused her to believe that upon her furnishing such money said deed of trust could and would

be kept alive by a new mortgage of said Anna Gieselmann alone.

"That, relying upon and believing such representations, said Fredericka Werk without intention on part of herself or Mrs. Gieselmann to release, arrest or defeat the lien of the deed of trust, furnished the sum of $1,600 then due to Reinhardt, and thereupon received another and new deed of trust executed by Mrs. Gieselmann, extending such debt for two years, but without releasing the original deed of trust.

"That this new deed of trust was executed for the sole benefit of the widow and heirs of John Gieselmann, deceased, with the intent of all parties thereto to merely keep and enforce, continue and extend the debt and lien on the old deed, and of keeping the equity of redemption therein from being foreclosed and lost.

"That on April 30, 1888, the secured debt remaining still unpaid, Mrs. Fredericka Werk caused the property to be advertised and sold pursuant to power of sale given, became the purchaser at the sale, had title conveyed to her by the trustee, and said Anna Gieselmann thereupon attorned and delivered possession to her.

"Thereafter, on January 9, 1889, in payment of a just debt, Federicka Werk conveyed the property to respondent Kleimann, thereby transferring to him all this interest in the property, as also all right and equity to subrogation to such mortgage, so that respondent is now vested with all rights respecting the same theretofore existing in said Werk.

"That owing to a right of homestead in defendants and for lack of power in Anna Gieselmann to convey as great an estate as had been vested in the deceased Gieselmann, this new deed of trust failed to express the intent of the parties thereto and did not, and should not, extinguish or satisfy the first mortgage; but, by

reason of the premises, plaintiff should be subrogated' and substituted to all rights held by Reinhardt in the first mortgage before January 5, 1884, and the debt secured by the same should be foreclosed unless redeemed by the Geiselmanns.

"The prayer was for a foreclosure of the original deed of trust unless paid off and for general relief.

"The answer in the case by Mrs. Gieselmann and her children was a general denial.

"The court, upon the hearing, made an interlocutory decree to the effect that the plaintiff as assignee of Mrs. Werk was entitled to be subrogated to the rights of Reinhardt under the first deed of trust, ordered the surrender of the second note and deed of trust to Mrs. Gieselmann and sent the case to a referee to take an account of moneys due under the first deed of trust. Upon the referee's report coming in, the court made a final decree, finding that the sum of $2,234.47 was due under the first deed of trust, and ordering its foreclosure by sale unless the defendant redeemed the property by payment of that sum with interest. From this decree the defendants appeal, assigning for error the ruling of the court upon the evidence, and that the decree is not supported by the evidence and is against the great weight of the evidence.

"The court, upon the hearing, permitted the plaintiff to read a certified copy of the first deed of trust. It is claimed by defendants that this was error, as the loss of the original was not accounted for. All the evidence concurred that the original was left with the justice who prepared the second deed, and could not now be found by him, although he had made diligent search for it."

The rule is, in questions of this character, that the trial judge is to determine the sufficiency of the proof. Under the facts and circumstances developed in the

case if they are sufficient to reasonably satisfy the mind of the court that the original is lost and that it cannot be found after search made at the proper place, that is all that is necessary. "The object of the proof is merely to establish a reasonable presumption of the loss of the instrument, and this is a preliminary inquiry addressed to the discretion of the judge." 1 Greenleaf on Evidence [14 Ed.] sec. 558, p. 118, note b; *Christy v. Kavanaugh*, 45 Mo. 377; *McConey v. Wallace*, 22 Mo. App. 377. We hold that the court did not err in permitting plaintiffs to read a certified copy of the original deed of trust in evidence.

But even if the court did admit irrelevant evidence, the case being one in equity, and the trial before the court without the aid of a jury, the case should not be reversed on that ground, as such evidence will be disregarded by this court in determining the facts involved.

Mrs. Werk testified that she loaned to Mrs. Anna Gieselmann, defendant, $1,600 to pay a debt owed by her deceased husband to Augustus Reinhardt, which was secured by deed of trust on the property in controversy, and that when she made the loan Mrs. Gieselmann stated to her that, "you make me the loan and you can have the trust deed which Reinhardt holds against the property," in controversy. That when she paid the money, Justice Noche, by whom a new note and deed of trust to secure the payment of the same was drawn up and executed by Mrs. Gieselmann on the same property, said "here are the Reinhardt papers, and everything is all right." She did not take the Reinhardt papers, and never had them in her possession; but she did take the new note and deed of trust and kept them for over four years before she says she found out that they were not the right papers, and that the papers that she was to have were the original note

and deed of trust.   Mrs. Gieselman and her daughter Anna both testified that Mrs. Werk positively refused to accept or to have anything to do with the Reinhardt papers, but insisted all the time that she must have a new note and deed of trust executed by Mrs. Gieselmann in whom they both believed that the title to the property was vested in fee by virtue of the will of Mrs. Gieselmann's deceased husband.   There is no question but that both Mrs. Werk and Mrs. Gieselman believed the title to be in Mrs. Gieselmann.   When the fact that Mrs. Werk never had the original note and deed of trust in her possession is taken into consideration in connection with the testimony of Mrs. Gieselman and her daughter, it seems to show conclusively that the idea of claiming that she was paying off, and that she was to have the benefit of the first note and deed of trust, was an afterthought, and that she did not reach that conclusion until after she had learned that the last note and deed of trust which she had taken was of doubtful security because of the homestead rights of the children of Gieselmann, deceased, in the property, while the first was absolutely safe and free from any conflicting interests.   The payment then of the original note was merely voluntary on her part, and she is not entitled to be subrogated to the rights of Reinhardt. *Evans v. Halleck*, 83 Mo. 376; *Wooldridge v. Scott*, 69 Mo. 669; *Wade v. Beldmeir*, 40 Mo. 486.

The husband and father could not by will deprive his minor children of their homestead rights in the property in controversy, which was occupied by all of them as a homestead at the time of his death. *Rockhey v. Rockhey*, 97 Mo. 76; Revised Statutes, 1889, sec. 5439; *Kaes v. Gross*, 92 Mo. 647.

Granting that there was a mutual mistake between Mrs. Werk and Mrs. Gieselmann as to the interest acquired by the latter to the property under the will of

her deceased husband and right to convey the same, as she intended to do, it was merely a mistake of law against which a court of equity will not grant relief. In the case of *Dailey v. Jessup*, 72 Mo. 145, this court says: "It is unnecessary to cite authorities in support of the proposition that mere ignorance of the law on the part of a party to a contract will not authorize a court of equity to set aside the contract. There must be something more. The circumstances attending the making of the contract must be such as to excite 'suspicions of fraud, imposition, misrepresentation or undue influence on one side and imbecility, credulity or blind confidence on the other.' *Faust's Adm'r v. Birner*, 30 Mo. 414; *Griffith v. Townley*, 69 Mo. 13." The present case is entirely free from fraud or deceit, and the evidence shows that the parties acted in the utmost good faith.

Mrs. Gieselmann could not have corrected the mistake herself if she had been so inclined, because after the first note was paid off the interest of the minor children in the homestead was discharged from the first mortgage, and was superior to the second and could not in any way have been disposed of or incumbered by any act or deed of hers. *Anglade v. St. Avit*, 67 Mo. 434.

The case at bar is unlike the case of *Griffith v. Townley, supra.* That case was founded on mutual mistake of fact as well as of law in regard to a claim against the estate wherein the administrator having full power and control over its personal effects and assets was a party, while the case at bar is one where one of the contracting parties, Mrs. Gieselmann, only has an interest in common with the children of her deceased husband in the homestead of which he died seized and no control whatever over the interest of her

co-tenants. We do not therefore think the views therein expressed are in conflict with this opinion.

The opinion of ROMBAUER, P. J., in this case, when before the court of appeals, and which is reported in 45 Mo. App. 497, with the authorities cited by him, is convincing and conclusive and is adopted as the opinion of this court.

The judgment of the court of appeals is affirmed, and that of the circuit court of the city of St. Louis reversed and cause remanded to court of appeals. All the judges of this division concur.