WILLIAM A. BROWN, Appellant, v. MERCHANT'S BANK OF APPLETON CITY *et al.*, Respondent.

Kansas City Court of Appeals, May 4, 1896.

1. **Definitions:** HEIR: DEVISEE. An heir is one on whom the law casts an estate upon the death of the ancestor; devisee indicates a party getting real estate by will.

2. **Subrogation:** PAYMENT: EXTINGUISHMENT OF LIEN: AGENCY. A bank held as mortgagee the undivided interest of its debtor as devisee in and to the real and personal property of his stepfather. The administrator sold the land to plaintiff who distributed the proceeds among the devisees, paying by his direction the debtor's interest to the mortgagee. *Held,* the lien of the mortgage was extinguished and plaintiff could not be subrogated to the rights of the bank over a subsequent judgment lienor, since the payment to the bank was made by the administrator for the debtor and not for plaintiff.

3. ————: PAYMENT FOR MORTGAGOR OR FOR SELF. Before a third party, making payment of a debt secured by a mortgage, can be subrogated to the rights of the mortgagee, he must show either that he had made the payment at the request of the mortgagor or to protect some interest he had of his own at the time of the payment; and in this case the plaintiff neither paid the bank at the request of the debtor nor did he make the payment to protect any interest he had acquired prior to the payment.

*Appeal from the Hickory Circuit Court.*—HON. ARGUS Cox, Judge.

AFFIRMED.

*William R. Hudson* for appellant.

The evidence shows that James H. Nunn was the agent of Brown, the plaintiff, in paying to each

one of the heirs the amount due them on sale of
the land. Brown was purchaser of all the interests
in the land in controversy, and Nunn, as his agent, at
the request of Jones, mortgagor, paid Jones' share of
the money to Daniels, agent for the St. Clair County
Bank. Brown is entitled to be subrogated to all rights
of A. A. Crouch or the St. Clair County Bank, to the
amount of $560; the amount paid by him to the St.
Clair County Bank on its mortgage. *Allen v. Dermott*,
80 Mo. 56; *Wolff v. Walter*, 56 Mo. 292; *Johnson v.
Goldsby*, 32 Mo. App. 560; *Norton v. Highleyman*, 88
Mo. 621; *Moore v. Lindsay*, 52 Mo. App. 474; *Young
v. Morgan*, 86 Ill. 199; *Bressler v. Martin*, 133 Ill. 278;
*Bryon v. Meyers*, W. and S. Pa. 420; 24 Am. and
Eng. Encyclopedia of Law, p. 290.

*Upton & Skinker* and *W. D. Harriman* for re-
spondent.

(1) The alleged mortgage to Crouch created no
lien on the land, because it only purports to convey
the interest that Jones had as heir of Morris. Jones
was not an heir of Morris, and had no interest in the
land except as devisee. There is a broad distinction
between an heir and a devisee. Jones had no interest
as heir. (2) Appellant was a mere volunteer. At
the time he paid the money he had no interest in the
land to protect, and he is therefore not in position to
invoke the equitable doctrine of subrogation. *Bunn v.
Lindsay*, 95 Mo. 250; *Kleimann v. Gieselmann*, 114 Mo.
437; Sheldon on Subrogation, sec. 3; *Norton v. High-
leyman*, 88 Mo. 621; *Evans v. Hallick*, 83 Mo. 376; 2
Pom. Eq. Jurisprudence, secs. 1211 and 1212. (3)
Although appellant had no actual knowledge, yet he
must be charged with constructive knowledge of the
state of the title to the land. His own negligence

caused his lack of knowledge, and equity will not relieve him. *Bunn v. Lindsay, supra;* Sheldon on Subrogation, sec. 43; p. 48; *Brown v. Fagan,* 71 Mo. 563.

GILL, J.—In April, 1891, Benjamin T. Morris died, leaving considerable property, real and personal, among which was a farm in Hickory county, Missouri, which by will he devised, in equal shares, to his four children, and one A. D. Jones, his stepson. At this time and subsequently, Jones seems to have been largely indebted—that is, to the St. Clair County Bank at Osceola, $1,200 or more, and to the Merchants Bank at Appleton City, in the sum of $3,700. On May 21, 1891, Jones executed, acknowledged and delivered to the St. Clair County Bank, an instrument which purported to assign and convey to said bank all the interest he then had in and to the real and personal property, as *heir* of said Benjamin T. Morris, or so much of said property as would pay the bank the sum of $1,200 he owed it. This instrument was filed for record in the proper office in Hickory county (where the land was situated) on the eleventh day of June, 1891.

In July, 1891, the defendant, Appleton City Bank, recovered judgment for $3,723.12, against Jones, in the St. Clair county circuit court, a transcript of which was filed in Hickory county, September 21, 1891; and which, of course, became, from that date, a lien on Jones' interest in the Morris land. In the January following (1892) plaintiff Brown bought the Morris farm in Hickory county from the five devisees under the will, for the gross sum of $2,800, paying each $560 for his respective share. The sale was closed up and the deed made January 6, 1892, at Humansville, and in the presence of plaintiff Brown, J. H. Nunn, the adminis-

trator, Jones, and perhaps the other devisees, as also Daniels, an attorney, who was there representing the St. Clair County Bank. Brown turned the money over to Nunn, the administrator, who distributed the same to the devisees, except that the $560 going to Jones was, by his (Jones') direction, paid to Daniels for the St. Clair bank.

About four months after Brown's purchase, he for the first time learned of the existence of the judgment in favor of the Merchants Bank of Appleton City—and which had been a lien on Jones' interest in the land, from and after September 21, 1891—and plaintiff Brown thereupon brought this suit in equity, asking to be subrogated to the rights of the St. Clair County Bank, as they existed before his (Brown's) purchase; that such claim be declared a first lien on the land, and prior to that of the defendant, and that the land be sold to satisfy the same.

At the trial below, the issues were found in defendant's favor; and from a judgment dismissing plaintiff's bill, an appeal was taken to this court.

From the foregoing statement, it will be seen that plaintiff Brown asserts a right to be treated as an equitable assignee of an alleged mortgage, once held by the St. Clair County Bank, against Jones' interest in the Morris farm in Hickory county, and that this mortgage was, and should be, enforced as a lien prior and superior to the judgment lien of the defendant, Appleton City Bank.

There are several reasons why the suit can not be maintained. In the first place, it is doubtful if the conveyance or assignment made by Jones to the St. Clair bank can, technically, be treated as a transfer of Jones' interest in the land which he got by will of his stepfather. The instrument to which we have called attention in the foregoing statement of facts, pretends

only to convey to the St. Clair bank whatever interest he, Jones, then had in the estate *as heir* of his step-father, Morris. Said Jones had no interest in the land as *heir*, as that term imports. The only interest he could claim was by virtue of Morris' will, as *devisee*, not as *heir*. An *heir* is one on whom the law casts an estate upon death of the ancestor; a *devisee* indicates the party getting real estate by will. But we do not care to decide this case on such a technical ground as that just alluded to. Let it be conceded that, at the date of plaintiff's purchase, the St. Clair County Bank had a valid mortgage on Jones' one fifth interest in the Morris farm, and that it was a prior lien to that of the defendants' judgment, and yet plaintiff can not successfully claim a revival and foreclosure of such mortgage, over the clear legal rights of this defendant.

A well known author thus states the rule of subrogation: "In general," he says, "when any person having a subsequent interest in the premises, and who is therefore entitled to redeem for the purpose of protecting such interest, and who is not the principal debtor primarily and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien so far as may be necessary in equity for his own benefit; he is subrogated to the rights of the mortgagee, to the extent necessary for his own equitable protection. The doctrine is also justly extended by analogy to one who, having no previous interest, and being under no obligation, pays off the mortgage or advances money for its payment at the instance of a debtor party and for his benefit." * * * "On the other hand, if payment of the mortgage debt is made to the mortgagee or other holder of the mortgage by a party who is himself personally and primarily liable for the debt * * * such payment

operates *ipso facto* as an end of the mortgage and the lien is completely destroyed." 3 Pom. Eq. [2 Ed.], secs. 1212, 1213.

The last clause covers the case in hand. Plaintiff Brown did not pay off the St. Clair County Bank's mortgage. He admits, when he purchased the property and acquired a deed from the devisees, when he paid the $2,800 over to Judge Nunn, who was to and did distribute the same among said devisees, that he knew nothing of any such mortgage and made no arrangement to have it paid. Says he never heard of either the claim of the St. Clair bank or of the judgment claim of this defendant until long after he purchased the property, paid his money, and took the deed to the land. The fact is simply this, as shown by the testimony: Jones paid the $560 (which was his portion of the money) to the St. Clair bank. Brown, the plaintiff, bought the land for the gross sum of $2,800, which he (Brown) through Nunn, the administrator, paid to the devisees — the one fifth to each. The St. Clair bank at the time had its attorney and agent there to get Jones' portion to apply on its claim against him, and in place of Nunn handing over the one fifth to Jones, the same was, by Jones' direction, paid over to Daniels, the St. Clair bank's agent. But this was a matter about which plaintiff Brown did not concern himself—indeed, he knew nothing as to what Jones or the other devisees did with the money. It is idle to contend that Nunn was Brown's agent, and that therefore the latter was bound by the knowledge and acts of the former. If there was any relation whatever of agency existing at the time between Brown and Nunn, it only extended to receiving the $2,800 from Brown and paying it out to the respective devisees according to their individual interests. Brown never authorized Nunn to pay Jones' money to the St. Clair bank; for,

as already stated, he didn't then know of any such claim. Jones, the original obligor, then having with his own money paid the St. Clair bank's claim, the so-called mortgage lien became satisfied and extinguished, and there is no rule of law or equity that will permit this plaintiff to revive the same, to the prejudice of the defendant.

But even to concede that the plaintiff paid the mortgage debt to the St. Clair bank and still this action can not be maintained. "Before a third party making payment of a debt secured by mortgage can be subrogated to the rights of the mortgagee, he must show either that he made the payment at the request of the mortgagor or to protect some interest he had of his own, at the time of the payment." *Norton v. Highleyman*, 88 Mo. 621. Clearly, now, the plaintiff did not pay the St. Clair bank by virtue of any request from the mortgagor. Nor did the plaintiff pay off said mortgage to protect any interest he had already acquired in the land. The plaintiff then would be a mere volunteer, and could not invoke the aid of equitable subrogation. In such cases the doctrine only applies where the person claiming its benefit has been *compelled* to pay the debt of a third person in order to protect his own rights or to save his own property. Sheldon on Subrogation, sec. 3; *Kleimann v. Geiselmann*, 45 Mo. App. 497; *Bunn v. Lindsay*, 95 Mo. 250.

The judgment was, in our opinion, for the right party, and will be affirmed. All concur.