W. F. LEMMON, Appellant, v. R. L. LINCOLN *et al.*, Respondents.

Kansas City Court of Appeals, December 14, 1896.

1. 'Subrogation: CONTRACT: INTEREST. One who furnishes an heir money to discharge mortgage liens on real estate descended from his ancestor without any agreement to purchase the lien debt, or that it is to be kept alive for his benefit, and who has no interest in the real .estate descended, can not be subrogated to the place and rights of the mortgagee as against general creditors of the ancestor who have their claims duly allowed in the probate court.

2. Administration: PRIORITY: ALLOWED CLAIM: LOAN TO HEIR. An allowance in the probate court against an estate is entitled to priority over a deed of trust executed by the heir.

*Appeal from the Vernon Circuit Court.*—HON. J. H. LAY, Special Judge.

AFFIRMED.

*M. T. January* for appellant.

(1) One who advances money to discharge an existing incumbrance, at the request of the mortgagor or owner of the land, under an agreement for a first lien as security for the money advanced, may invoke the equitable doctrine of subrogation, when the rights of no innocent third person intervene. *Moore v. Lindsey*, 52 Mo. App. 474; *Demeter v. Wilcox*, 115 Mo. 635; 3 Pomeroy's Equity Jurisprudence, p. 200, sec. 1212; *Norton v. Highleyman*, 88 Mo. 621; *Whiteselle v. Loan Agency*, 27 S. W. Rep. No. 3, p. 309. (2) R. L. Lincoln, not being the primary debtor, was entitled to subrogation when he paid the mortgages executed by his father, and this right to subrogation passed to Lemmon, by the trust deed and foreclosure under it,

executed by R. L. Lincoln to Lemmon. Sheldon on "Subrogation," sec. 28, p. 34; *Bell v. Woodward*, 34 N. H. 90.

*Burton & Wight* and *O. H. Hoss* for respondent.

(1) There is no equity on plaintiff's claim. He was a volunteer, and ought not to have permitted himself to have been misled by the affidavit and representations of R. L. Lincoln, because: *First*. D. C. Lincoln died January 22, 1888, and his deeds of trust could not have been foreclosed until nine months after, namely, until October 22, 1888, which was nearly six months after plaintiff made his loan. R. S. 1889, sec. 144, p. 149. *Second*. Because plaintiff's loan was made less than two months after letters of administration were granted to R. L. Lincoln on his father's estate, and the creditors of said estate had two years from that time within which to present their claims. R. S. 1889, secs. 187 and 188, p. 157.

ELLISON, J.—The plaintiff seeks to be subrogated to the rights of the trustees and the beneficiaries in certain deeds of trust which were paid off and released with moneys which plaintiff had advanced by way of a loan. The following, borrowed largely from plaintiff's statement of the case, may be taken as the facts which control our decision of the cause:

D. C. Lincoln owned and occupied the land in controversy as a homestead. He died January 22, 1888, intestate, leaving a widow and several children, among them R. L. Lincoln, who qualified as administrator of his father's estate, and executed a bond as such with defendant R. J. McGowan as one of his sureties. R. L. Lincoln, as administrator, duly filed

his inventory in the probate court, showing personal assets of the value of $298.

D. C. Lincoln, in his lifetime, had executed two trust deeds on this land—one dated December 1, 1882, for $600, to J. B. Watkins as trustee; the other dated February 28, 1884, for $1,000 to Albert McGovney as trustee, and these trust deeds were subsisting and unpaid at his death. On the death of his father, R. L. Lincoln purchased the interest of his mother and brother and sisters in this land, and being pressed for payment by the holders of the two trust deeds aforesaid, he applied to the plaintiff in the early part of May, 1888, for a loan to enable him to pay off said two trust deeds and prevent a foreclosure. An abstract of title was furnished showing a fee simple in R. L. Lincoln, and no liens except the two trust deeds to be paid off. It was ascertained that no claims had been probated at that time against the estate of D. C. Lincoln, and on the assurance of R. L. Lincoln that he had paid the expenses of the last sickness of his father, and on the strength of his affidavit that all debts against the estate were paid, plaintiff decided to make the desired loan of $950, taking R. L. Lincoln's note and trust deed on the land. Of this amount plaintiff paid $627.25 for a release of the trust deed, with Watkins as trustee, and $100.15 for a release of the trust deed, with McGovney as trustee, and the balance, less expenses, including taxes on the land, was paid over to R. L. Lincoln. Afterward plaintiff sold this note for $950 and trust deed, securing it, to a party in the east, but when R. L. Lincoln defaulted in the payment of interest, plaintiff repurchased the note and foreclosed the trust deed, himself becoming the purchaser—February 3, 1890—and has ever since been in possession of the land.

SUBROGATION: contract: interest.

In 1889, nearly one year after the grant of letters of administration on the estate of D. C. Lincoln, claims were probated by defendant J. M. McAdams and the Citizen's Bank, aggregating nearly $300, and as R. L. Lincoln, the administrator had absconded and left the state, rendering no account of the personalty in his hands, E. L. Pottorff was appointed his successor. Pottorff obtained an order for the sale of the land in question to pay the probated claims aforesaid, and in October, 1890, sold the land at public sale, O. K. Caldwell, cashier of the Citizen's Bank, becoming the purchaser.

It was at this time that plaintiff and his partner, Shartel, first obtained any knowledge of the debts against D. C. Lincoln's estate, and Shartel attended the sale and notified the bidders present of the claims of plaintiff to subrogation; and after Caldwell bid in the land, made an arrangement with him by which Shartel was to sell the land and pay first the claim of plaintiff. But it seems that this sale was not approved by the court and the administrator again put up the land for sale on July 6, 1891, and R. J. McGowan bid it in at $270. Neither plaintiff nor Shartel knew anything of this last sale until McGowan informed them that he had bought in the land. McGowan paid no money on his bid until he received his deed in October, 1891, more than a month after the summons in this case was served on him. The administrator's deed to McGowan was in the usual form, conveying all the right, title, and interest of D. C. Lincoln in the land. L. N. Kennedy, the present administrator *de bonis non* now holds in his hands the $270 paid him by McGowan.

On these facts the trial court denied plaintiff's prayer to be subrogated to the rights of the mortgagees in the Watkins and McGovney trust deeds to the extent

Lemmon v. Lincoln.

of the money advanced to discharge them and entered judgment dismissing plaintiff's bill and he appeals.

From the foregoing, it is apparent that there was no agreement or understanding that the two deeds of trust, which the loan plaintiff made discharged, were to be assigned or kept alive, or in any manner to inure to plaintiff's benefit. There is no pretense of such understanding. The facts all rebut anything of that nature. The facts further disclose that plaintiff was under no sort of compulsion to pay, or make the loan he did make, or to advance the money he advanced by way of loan, with which to discharge the said deeds of trust. The deeds of trust could not (by reason of the statute) have been foreclosed until nine months after the death of D. C. Lincoln, a period which would not have expired for nearly six months after plaintiff made the loan. Plaintiff had no interest in the land except the interest he obtained by making the loan. He did not make or advance the loan because he was interested in the land. His interest was coeval with the loan and came about from his making the loan. A case involving the principles of equity which control the question here presented was before this court in May last and was decided adversely to the claim of plaintiff. *Brown v. Bank*, 66 Mo. App. 427. As authority in point against plaintiff's case, see *Brown v. Lindsay*, 95 Mo. 250, and *Kleiman v. Gieselmann*, 45 Mo. App. 497; s. o., 114 Mo. 437. The foregoing authorities, based on kindred facts, so fully cover the points presented by counsel that it is not necessary to go into them anew.

The claims against the estate of D. C. Lincoln, which were allowed in the probate court, were entitled, of course, to priority over the deed of trust executed by the heir to the land after D. C. Lincoln's death. And plaintiff's claim here is simply based on the fact that the money he

ADMINISTRA-
TION: priority:
allowed claim:
loan to heir.

loaned the heir was used to and did discharge two deeds of trust executed by Lincoln in his lifetime, which were prior to the allowed claims against the estate. But, as before stated, there was no agreement or understanding whereby plaintiff's deed of trust was to be substituted for, and stand instead of, the prior deeds, if, indeed, there could have been under such circumstances. Plaintiff knew that if any debts existed against the estate, which should be afterward allowed in probate, they would take precedence over his deed of trust. And in this view, he received assurances that there were none. But he knew such claims could develop for a long period after his loan and he took the chances in the matter. The case of *Demeter v. Wilcox*, 115 Mo. 634, is clearly distinguishable from this.

The judgment will be affirmed. All concur.